**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jim Munene, | ) | No. CV 19-220 TUC RM (LAB) |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Alejandro Mayorkas, Secretary, | ) | |
| Department of Homeland Security, | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the court is the plaintiff's motion to amend, filed on August 5, 2021. (Doc. 37)  The defendant filed a response on September 30, 2021.  (Doc. 46)  The plaintiff filed a reply on October 6, 2021.  (Doc. 49)

The plaintiff in this action, Jim Munene, claims his employer, the Department of Homeland Security, discriminated against him because of his race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964 when he failed to receive a performance award for the fiscal year 2014.  (Doc. 1, p. 5)  The defendant identifies this claim  by its Equal Employment Opportunity Commission (EEOC) administrative number HS-CBP-02626-2015.  (Doc. 46, p. 3)

On August 5, 2021, Munene filed what is labeled a First Amended Complaint.  (Doc. 37)  The court construes the filing as a motion to amend pursuant to Fed.R.Civ.P. 15.  (Doc. 39)  Munene seeks to expand his complaint to encompass additional adverse employment actions dating from July 17, 2012 to the present.  (Doc. 37, p. 4)  He also seeks to amend his cause of action citing, in addition to Title VII, the Fifth Amendment right to due process,

1  right to property, and prohibition on double jeopardy.  (Doc. 37, p. 3)

2      The case has been referred to the Magistrate Judge for all pretrial matters pursuant to
3  Local Civil Rule 72.1 and 72.2.  (Doc. 12)

4      The court concludes that amendment would be futile because the proposed additional
5  claims would be subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

6

7      Discussion

8      "Once a responsive pleading has been filed, as is the case here, a party may amend the
9  party's pleading only by leave of court or by written consent of the adverse party; and leave
10  shall be freely given when justice so requires." *Roth v. Garcia Marquez*, 942 F.2d 617, 628
11  (9th Cir.1991)  (internal punctuation removed).

12      When deciding a motion to amend, courts generally will consider the following
13  factors: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment,
14  and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d
15  815, 845 (9th Cir. 1995).  "However, each is not given equal weight." *Id*.  "Futility of
16  amendment can, by itself, justify the denial of a motion for leave to amend." *Id.*  "An
17  amended complaint is futile where it would be subject to dismissal under Rule 12(b)(6)."
18  *Reed v. Nevada*, 2021 WL 3722879, at *2 (D. Nev. 2021) (punctuation modified).

19      "Title VII of the Civil Rights Act of 1964, as amended, is the exclusive remedy for
20  federal employee race discrimination." *Thomas v. Sec'y of The United States Dep't of*
21  *Veterans Affs*., 2021 WL 2593643, at *2 (C.D. Cal. 2021), report and recommendation
22  adopted, 2021 WL 2590160 (C.D. Cal. 2021).  "To bring a claim of discrimination under
23  Title VII, a federal employee plaintiff must first consult a counselor prior to filing a
24  complaint, then proceed to a formal discrimination complaint with the agency's Equal
25  Employment Opportunity (EEO) office." *Id.*  "After the EEO office issues a final decision,
26  the employee may appeal the decision to the EEOC or file a civil action in federal district
27  court." *Id.*

28

1   "[O]ur case law . . . holds that substantial compliance with the presentment of
2   discrimination complaints to an appropriate administrative agency *is* a jurisdictional
3   prerequisite." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in
4   original) "[A] plaintiff must allege compliance with the mandatory processing rule in order
5   to state a claim on which relief may be granted." *Young v. Buttigieg*, 2021 WL 981305, at
6   *14 (N.D. Cal. 2021).

7         Run of the mill employment disputes in the federal sector are adjudicated by the Merit
8   Systems Protection Board (MSPB). *Sloan v. West*, 140 F.3d 1255, 1258 (9th Cir. 1998).
9   "However, when a federal employee claims he or she has been affected by both an adverse
10  employment action and a related Title VII violation, administrative remedies may be
11  exhausted for Title VII purposes by asserting both claims before the MSPB." *Id.* at 1259.

12

13       *2012 Employment Action*

14        The defendant argues first that Munene cannot amend his complaint to add the
15  employment dispute dating from 2012, when he was suspended without pay "because he had
16  been indicted for crimes for which a sentence of imprisonment could have been imposed,"
17  Merit Systems Protection Board (MSPB) No. DE-0752-13-0012-I-1.  (Doc. 46, p. 3)

18        On October 10, 2012, Munene appealed the suspension, but twenty days later, he
19  moved to voluntarily withdraw his appeal with the understanding that he could file a new
20  appeal if "the agency improperly continues his indefinite suspension beyond the date of the
21  resolution of his criminal indictment." (Doc. 48-2, p. 3)  The Board accepted his motion and
22  dismissed the appeal. Munene was instructed that if he was dissatisfied with the final
23  decision of the Board, he could seek judicial review "no later than 60 calendar days after the
24  date this initial decision becomes final [on December 5, 2012]." (Doc. 48-2, pp. 3, 5)  The
25  60 days have long since past.  It would be futile to add this claim to the pending action
26  because it would be subject to dismissal as untimely. *See, e.g., Manning v. Merit Sys. Prot.*
27  *Bd.*, 2018 WL 10345321, at *3 (N.D. Cal. 2018) ("Because he filed his Petition sixty-three

28                                          - 3 -

1    days after the MSPB issued its final order, his Petition is untimely."), *aff'd sub nom*.

2    *Manning v. United States Dep't of Def*., 791 F. App'x 675 (9ᵗʰ Cir. 2020).

3            Munene asserts that the decision dismissing his appeal was faulty because it should

4    have said his appeal was dismissed *without* prejudice and instead it said his appeal was

5    dismissed *with* prejudice.  (Doc. 49, p. 7)  He maintains that this error is inconsistent with

6    the judge's statement in the decision that "I advised the appellant that he will have the right

7    to file a new appeal in the future if he believes that the agency improperly continues his

8    indefinite suspension beyond the date of resolution of his criminal indictment."  (Doc. 49,

9    p. 8)  Munene seems to be arguing that this inconsistency somehow prevented him from

10   discovering that the wording in the dismissal was error.  The court, however, sees no

11   inconsistency here.

12           The decision allows Munene to file a *new* appeal if the agency continues the

13   suspension beyond the date his indictment is resolved (assuming the indictment is resolved

14   in Munene's favor).  The new appeal would challenge the agency's decision to *continue* the

15   suspension, not its original decision to suspend Munene when the indictment first issued.

16   This is why the original appeal was dismissed with prejudice.  Munene might have had

17   something different in mind when he moved to dismiss his appeal, but if he was unsatisfied

18   with the wording in the decision, he had 60 days to file an appeal.  He did not do so, and on

19   this record, there appears to be nothing that the government did that prevented Munene from

20   discovering this "error" and filing a timely appeal.

21

22           *2013 Employment Actions*

23           The defendant further argues that Munene cannot amend the complaint to add the

24   employment dispute dating from 2013, EEOC No. HS-CPB-02199-2013, which was finally

25   resolved on August 14, 2017.  (Doc. 48-3, p. 2)  In that action, Munene argued he was

26   subject to disparate treatment and/or harassment when he received a number of adverse

27   employment actions involving overtime, computer equipment, administrative leave, etc.

28                                              - 4 -

(Doc. 48-3, pp. 7-8)   The administrative judge concluded that Munene had offered no evidence that "he was discriminated against on the basis of race, color or national origin or retaliated against on the basis of prior EEO activity . . . ." (Doc. 48-3, p. 20)  The decision, dated June 7, 2019, informed Munene that he had a right to file a civil action "within ninety (90) calendar days from the date you receive this decision." (Doc. 48-4, p. 7)  It appears that this deadline has long since passed.  It would be futile to add this claim to the pending action.

Munene asserts that the decision was sent to the wrong address and he did not receive it until 2020. (Doc. 49, pp. 6-7)  He does not state *when* in 2020 he received it, but assuming he received it on December 31, 2020, the ninetieth day would have been Wednesday, March 31, 2021.  His motion to amend the complaint was filed on August 5, 2021, well past the ninetieth day. (Doc. 29);  *see, e.g., Roughen v. Dep't of Army*, 225 F.3d 663 (9th Cir. 2000) (unpublished) ("Because the requirement that a federal complaint must be filed within 90 days of a decision of the Equal Employment Opportunity Commission ("EEOC") is jurisdictional, the district court did not err by dismissing the complaint.").

The court notes that the original complaint was pending on March 31, 2021, and for statute of limitation purposes, the filing date of an amended complaint can relate back to the date the original complaint was filed under certain circumstances.  Fed.R.Civ.P. 15(c)(1). For example, relation back is allowed if "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."  Fed.R.Civ.P.  15(c)(1)(B).   Here, the amended claim concerns adverse employment actions involving overtime, computer equipment, administrative leave, etc. EEOC No. HS-CBP-02199-2013. (Doc. 48-3, pp. 7-8)  The original complaint, however, concerns his failure to receive a performance award in fiscal year 2014, EEOC No. HS-CBP-02626-2015. (Doc. 46, p. 3)  These two claims did not arise out of the same conduct, transaction, or occurrence.  The "relation back" rule, therefore, does not apply.  Munene does not argue the contrary in his reply. (Doc. 49, pp. 6-7)

- 5 -

1

2        *2016 and 2017 Employment Actions*

3        In these actions, (EEOC No. HS-CBP-540-3032-00158X, formerly 540-2017-00337X

4   and 540-2018-00241X) Munene asserts that his "2016 annual performance appraisal" only

5   "contained an overall rating of 'Achieved Expectations'," he was charged with 8 hours of

6   absence without leave, his "2017 annual performance appraisal" only "contained an overall

7   rating of 'Achieved Expectations', " and "he became aware that he would not receive a fiscal

8   year 2017 annual performance award . . . ." (Doc. 46, p. 4)  Adjudication of this matter was

9   delayed due to Munene's posting overseas.  *Id.*  The process has since resumed now that he

10  is back.  *Id.*  Summary judgment briefing is ongoing.  *Id.*  The EEOC has not issued a final

11  decision yet.  *Id.*  Munene has not exhausted this claim administratively; it is unripe.  It

12  would be futile to add this claim to the pending action.

13       The defendant candidly notes that under certain circumstances a claim becomes ripe

14  180 days after the filing date of the complaint if final agency action is not taken.  (Doc. 46,

15  p. 4, n. 5); 29 C.F.R. § 1614.407(b).  Munene, however, does not argue that his claim is ripe

16  under this regulation.  (Doc. 49, p. 5)  That may be because the delay in adjudicating the

17  claim was due to his own request to stay the proceedings while he was overseas.  The 180-

18  day rule apparently is designed to apply only where the agency itself is at fault for the delay.

19  Delay that can be ascribed to the claimant does not trigger the 180-day rule.  *See Bell v.

20  Donley*, 724 F. Supp. 2d 1, 13 (D.D.C. 2010)  ("Thus, it is well-established that failure to

21  cooperate in the investigation will be equated with a failure to exhaust administrative

22  remedies, notwithstanding the passage of the 180–day time period.").

23       In his reply, Munene clarifies that this claim is about harassment he received when he

24  was accused of losing his Personal Identification Card.  (Doc. 49, p. 5)  He does not dispute

25  the defendant's argument that this claim is unripe.  *Id.*

26

27       *2018 Termination*

28       The defendant further argues that Munene cannot amend his complaint to add a claim

- 6 -

1    that he was improperly terminated, MSPB No. DE-0752-19-0419-I-1.  (Doc. 46, p. 4)

2        On July 30, 2018, Munene filed his initial complaint with the EEO challenging his

3    termination on May 30, 2018.  (Doc. 46, p. 4); (Doc. 49, p. 2)  The Agency issued its final

4    decision on May 28, 2019.  *Id.*  Munene appealed to the EEOC, which remanded the action

5    to the Agency with instructions to reissue its decision and allow Munene a chance to file a

6    proper appeal with the MSPB.  (Doc. 46, pp. 4-5)  On appeal, the MSPB affirmed the

7    Agency's final decision. (Doc. 46, p. 5)  Munene filed a petition for review on April 4, 2020.

8    *Id.*  "To date, no final decision has issued." *Id.*  The defendant argues that until the final

9    decision is issued, Munene cannot obtain judicial review. *Id.*  (citing 5 U.S.C. § 7701(a)(1))

10   The court agrees that Munene cannot obtain judicial review of this issue until administrative

11   remedies are exhausted.

12       In his reply, however, Munene explains that he is not seeking judicial review of his

13   termination, MSPB No. DE-0752-19-0419-I-1,   (Doc. 49, pp. 4-5);   (Doc. 49-1, p. 9)

14   Instead, he is actually seeking judicial review of the intermediate appeal decision, EEOC

15   appeal No. 2019004938.  (Doc. 49, p. 3)

16        As discussed above, Munene initially challenged his termination by filing an EEO

17   complaint on July 30, 2018, alleging discrimination based on race, national origin, and color

18   and alleging retaliation.  (Doc. 49-1, p. 3)  The Agency concluded that Munene failed to

19   prove discrimination in its decision issued May 28, 2019.  *Id.*, p. 4.  In accordance with the

20   advice he was given in that decision, Munene filed an appeal with the EEOC.  *Id.*, p. 4.

21       In appeal No. 2019004938, the EEOC decided that, while the EEO properly

22   considered Munene's original mixed case complaint, Munene was improperly advised that

23   he could appeal the adverse agency decision to the EEOC.  *Id.*  He should have been told that

24   he could appeal only to the MSPB.  *Id.*  The EEOC ordered that the final agency decision be

25   reissued with an explanation that Munene could appeal to the MSPB, not the EEOC.  *Id.*

26   This EEOC decision was issued on February 12, 2020.  *Id.*, p. 7  Munene was informed that

27   he could appeal to the district court within 90 days of the date he receives the EEOC

28                                                                  - 7 -

1   decision. *Id.*, p. 6   It appears that this deadline passed sometime in the middle of May of

2   2020.

3       Munene's motion to amend was filed on August 5, 2021. (Doc. 29)  The claim is

4   time-barred.  It would be futile to add this claim to the pending action.

5

6       *Fifth Amendment Claims*

7       In his proposed Amended Complaint, Munene brings new claims pursuant to the Fifth

8   Amendment "right to due process," "right to property," and "prohibition on double

9   jeopardy." (Doc. 37, p. 3)  The defendant argues that the pleading fails to provide factual

10  allegations sufficient to support these claims. (Doc. 46, p. 10)  The court agrees.

11       To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

12  factual matter, accepted as true, to state a claim to relief that is plausible on its face."

13  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the

14  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

15  defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of

16  a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

17       In the proposed Amended Complaint, the plaintiff does not explain what the

18  defendant, Alejandro Mayorkas, did that violated his Fifth Amendment rights.  He simply

19  states without elaboration that his Fifth Amendment rights were violated.  This is

20  insufficient.

21       In his reply brief, Munene asserts that his Fifth Amendment claim arises from the fact

22  that "[t]he Defendant . . . is in total defiance of the EEOC Final Decision [No. 2019004938]."

23  (Doc. 49, p. 3)  He does not explain, however, what the defendant did, or did not do, in

24  defiance of that Decision.  As explained above, the EEOC instructed the Agency to reissue

25  its decision affirming his termination and allow Munene the opportunity to file an appeal

26  with the MSPB.  Apparently, that decision was reissued by the Agency on April 9, 2020 in

27  accordance with the EEOC order.  See (Doc. 49-1, pp. 9-45);  (Doc. 48-1, p. 29)  The

28

1   proposed Amended Complaint alleges no facts tending to show that Alejandro Mayorkas, as

2   an individual, defied the EEOC's Final Decision.

3          In the alternative, it may be that Munene names Alejandro Mayorkas, not in his

4   individual capacity, but in his official capacity as Secretary of the Department of Homeland

5   Security.  If so, Munene is bringing a suit against an arm of the United States government,

6   and he faces an additional jurisdictional hurdle.

7          "It is well settled that the United States is a sovereign, and, as such, is immune from

8   suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black,*

9   *P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007).  "Such waiver cannot be

10  implied, but must be unequivocally expressed."  *Id.* at 1088.  "Where a suit has not been

11  consented to by the United States, dismissal of the action is required because the existence

12  of such consent is a prerequisite for jurisdiction."  *Id.*  "The Supreme Court has frequently

13  held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in

14  favor of the sovereign."  *Id.* (punctuation modified)  "Unless [the plaintiff] satisfies the

15  burden of establishing that [his] action falls within an unequivocally expressed waiver of

16  sovereign immunity by Congress, it must be dismissed."  *Id.*

17         The proposed Amended Complaint does not "demonstrate that there are statutes of the

18  United States (1) waiving the immunity of the sovereign to be sued in an action such as that

19  sought to be maintained and (2) conferring subject matter jurisdiction upon the court before

20  which the action is brought."  *Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219,

21  221 (C.D. Cal. 1974).  Accordingly, Munene's proposed Fifth Amendment claims are subject

22  to dismissal and amendment would be futile.

23         All of the new claims included in the proposed Amended Complaint would be subject

24  to dismissal under Fed.R.Civ.P. 12(b)(6).  Amendment would be futile.  Accordingly,

25

26         IT IS ORDERED that the plaintiff's motion to amend, filed on August 5, 2021, is

27  DENIED.  (Doc. 37)  The Clerk is instructed to amend the docket by changing the

28                                                - 9 -

designation for Doc. 37 from "First Amended Complaint" to "Motion to Amend the Complaint by Plaintiff Jim Munene." The Clerk is instructed to amend the docket by changing the designation for Doc. 49 indicating that it is the plaintiff's REPLY in support of his Motion to Amend the Complaint.

DATED this 27th day of October, 2021.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 10 -