1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Jim Munene,                          No. CV-19-00220-TUC-RM (JR)

10              Plaintiff,                 **ORDER**

11   v.

12   Alejandro Mayorkas,

13              Defendant.

14

15         Plaintiff Jim Munene—a former Supervisory Border Patrol Agent at the Border

16   Patrol Station in Ajo, Arizona—sues the Secretary of the United States Department of

17   Homeland Security under Title VII of the Civil Rights Act of 1964.  (Doc. 1.)  The Court

18   referred this case to Magistrate Judge Leslie A. Bowman for pretrial proceedings and

19   report and recommendation, in accordance with the provisions of 28 U.S.C. § 636(b)(1).

20   (Doc. 12.)[1]

21         Currently pending before the Court are Plaintiff's Objection (Doc. 55) to

22   Magistrate Judge Bowman's October 28, 2021 Order (Doc. 54) denying Plaintiff's

23   Motion to Amend Complaint (Doc. 37), and Plaintiff's Objection (Doc. 56) to Magistrate

24   Judge Bowman's October 27, 2021 Order (Doc. 52) directing the Clerk of Court to

25   publicly file exhibits to Defendant's Response to Plaintiff's Motion to Amend Complaint.

26   . . . .

27   . . . .

28   ---
     [1] Due to reassignments, the case is now referred to Magistrate Judge Jacqueline Rateau. (Doc. 64.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     Background

In his pro se Complaint, Plaintiff alleges that Defendant discriminated against him based on race, color, and national origin by failing to give him a performance award in 2014.  (Doc. 1 at 4-5.)[2]  He seeks an apology letter, damages of $100,000, restoration of full benefits, retirement from the Department of Homeland Security, and reimbursement of his attorney's fees and costs.  (*Id.* at 6.)

On February 28, 2020, Plaintiff moved to amend his Complaint to challenge employment actions taken in 2013.  (Doc. 29.)  On the same date, the parties stipulated to stay the above-captioned case until Plaintiff's return from active duty in the United States Army.  (Doc. 30.)  Magistrate Judge Bowman (1) denied Plaintiff's motion to amend due to Plaintiff's failure to comply with LRCiv 15.1(a); and (2) stayed this case pursuant to 50 U.S.C. § 3932(b).  (Doc. 31.)  Plaintiff notified the Court of his return from active duty on February 25, 2021.  (Doc. 32.)  On May 14, 2021, Magistrate Judge Bowman issued a Scheduling Order setting a deadline of August 10, 2021, for moving to amend pleadings.  (Doc. 36.)

On August 5, 2021, Plaintiff filed a First Amended Complaint ("FAC").  (Doc. 37.)  Because Plaintiff could not amend his Complaint as a matter of course under Federal Rule of Civil Procedure 15, Magistrate Judge Bowman construed the filing as a Motion to Amend.  (Docs. 39, 54.)[3]  In the proposed FAC, Plaintiff sought to allege claims based on termination of employment, unequal terms and conditions of employment, retaliation, discrimination, hostile work environment, and harassment beginning on July 17, 2012, in violation of Title VII and the Fifth Amendment to the United States Constitution.  (Doc. 37 at 3-4.)  Plaintiff also sought to increase his requested compensatory damages to $7,000,000 and to add requests for punitive damages and a declaratory judgment.  (*Id.* at 6.)

---

[2] All record citations refer to the page numbers generated by the Court's electronic filing system.
[3] Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1).

1     Plaintiff attached as exhibits to his proposed FAC various documents related to

2  administrative proceedings before the Equal Employment Opportunity Commission

3  ("EEOC") and Merit Systems Protection Board ("MSPB").  (Doc. 37-1.)  Based on the

4  attached administrative documents, it appears Plaintiff sought to add claims arising from:

5          (1) the Department of Homeland Security's decision to place him on an indefinite

6          suspension effective September 30, 2012;

7          (2) employment actions taken in 2013;

8          (3) employment actions taken in 2014, including an admonishment concerning

9          loss of a personal identity verification ("PIV") card that Plaintiff alleges he did not

10         lose;

11         (4) employment actions taken in 2016 and 2017; and

12         (5) the May 30, 2018 termination of Plaintiff's employment.

13        Defendant responded to Plaintiff's Motion to Amend Complaint (Doc. 46) and

14  moved to file certain attachments to its Response under seal to protect the privacy of

15  Plaintiff's personnel records (Doc. 47).  Plaintiff opposed Defendant's Motion to Seal,

16  arguing that the personnel records were not personal and that sealing them would violate

17  his First Amendment rights.  (Doc. 50.)  In an Order filed on October 27, 2021,

18  Magistrate Judge Bowman construed Plaintiff's Response as a waiver of any objections

19  he may have had to filing the exhibits unsealed and, accordingly, ordered the Clerk of

20  Court to publicly file the exhibits.  (Doc. 52; *see also* Doc. 53.)  In an Order filed on

21  October 28, 2021, Magistrate Judge Bowman denied Plaintiff's Motion to Amend on the

22  ground that Plaintiff's proposed amendments to his Complaint would be futile.  (Doc.

23  54.)

24        Plaintiff filed Objections to Magistrate Judge Bowman's October 27, 2021 and

25  October 28 2021 Orders.  (Docs. 55, 56.)  On November 9, 2021, Magistrate Judge

26  Bowman again stayed this case due to Plaintiff's active military service.  (Doc. 58.)

27  Plaintiff notified the Court of his return from active military service on December 27,

28  2022.  (Doc. 59.)  The pending Objections became fully briefed on July 9 and 10, 2023.

1   (Docs. 66, 67, 68, 69.)

2   **II.    Standard of Review**

3        A district judge may reconsider a magistrate judge's determination of a pretrial

4   matter under 28 U.S.C. § 636(b)(1)(A) "where it has been shown that the magistrate

5   judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  "The

6   clearly erroneous standard, which applies to a magistrate judge's findings of fact, is

7   significantly deferential, requiring a definite and firm conviction that a mistake has been

8   committed."  *Jones v. Corr. Corp. of Am.*, No. CIV-10-2769-PHX-RCB(JRI), 2011 WL

9   1706838, at *4 (D. Ariz. May 5, 2011) (internal quotation marks omitted).  The contrary

10   to law standard "permits independent review of purely legal determinations by the

11   magistrate judge."  *Id.* (internal quotation marks omitted).

12        When a magistrate judge denies a motion to amend based on futility and thereby

13   precludes a party from asserting a new claim, it is not entirely clear whether the "clearly

14   erroneous or contrary to law" standard of 28 U.S.C. § 636(b)(1)(A) governs the district

15   court's review of the decision, or whether the decision should be treated as a report and

16   recommendation for which the district judge must make a de novo determination of

17   objected-to portions.  *See Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452,

18   458-59 (D. Ariz. 2012).  Here, Defendant concedes that de novo review applies to

19   Plaintiff's Objection to Magistrate Judge Bowman's October 28, 2021 Order denying his

20   Motion to Amend, regardless of whether the decision is considered dispositive or non-

21   dispositive.  (Doc. 66 at 3.)

22   **III.    Objection to Order Denying Motion to Seal**

23        In his Objection to Magistrate Judge Bowman's October 27, 2021 Order resolving

24   Defendant's Motion to Seal, Plaintiff opposes sealing the documents at issue and

25   indicates he cannot access the documents.  (Doc. 56.)  Plaintiff's Objection appears to

26   stem from a misunderstanding of Magistrate Judge Bowman's ruling.  Magistrate Judge

27   Bowman denied Defendant's request to seal the documents at issue and ordered the Clerk

28   of Court to file them publicly.  (Doc. 52.)  The documents have been publicly filed at

1   docket entry 53. Plaintiff has access to the electronic docket in this case. (*See* Doc. 25.)

2   Accordingly, Plaintiff's Objection will be overruled \ and Magistrate Judge Bowman's

3   October 27, 2021 Order will be affirmed.

4   **IV.   Objection to Order Denying Motion to Amend Complaint**

5   In denying Plaintiff leave to amend his Complaint, Magistrate Judge Bowman

6   found that: (1) Plaintiff failed to timely file a civil action after the MSPB dismissed his

7   appeal of his 2012 suspension; (2) Plaintiff failed to timely file a civil action after the

8   EEOC dismissed his administrative claims regarding employment actions taken in 2013;

9   (3) Plaintiff's claims concerning employment actions taken in 2016 and 2017 are unripe

10   because the EEOC has not issued a final decision in the underlying administrative appeal;

11   (4) Plaintiff's claim challenging his 2018 termination is unripe because the MSPB has not

12   issued a final decision in the underlying administrative appeal; (5) Plaintiff did not timely

13   file a civil action challenging the EEOC's intermediate decision addressing Plaintiff's

14   2018 termination; (6) Plaintiff fails to state a Fifth Amendment claim on which relief can

15   be granted against Defendant Alejandro Mayorkas in his individual capacity; and (7) a

16   Fifth Amendment claim against Mayorkas in his official capacity is barred by sovereign

17   immunity. (Doc. 54.)

18   **A.  Legal Standard**

19   District courts have discretion in determining whether to grant or deny leave to

20   amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave should freely be given "when

21   justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to

22   amend under Rule 15(a), courts consider whether there has been "'undue delay, bad faith

23   or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

24   amendments previously allowed, undue prejudice to the opposing party by virtue of

25   allowance of the amendment, futility of amendment, etc.'" *Eminence Capital, LLC v.*

26   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (quoting *Foman*, 371 U.S.

27   at 182). "[R]ule 15's policy of favoring amendments to pleadings should be applied with

28   extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)

1    (internal quotation marks omitted).   Nevertheless, "futile amendments should not be

2    permitted." *Id*. at 188 (internal quotation marks omitted).

3           In assessing futility, courts typically apply "the same standard of legal sufficiency

4    as applies under Federal Rule of Civil Procedure 12(b)(6)." *Stonebrae, L.P. v. Toll Bros.,*

5    *Inc.*, No. C-08-0221-EMC, 2010 WL 114010, at *1 (N.D. Cal. Jan. 7, 2010).   A

6    complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if it does

7    not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

8    plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

9    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the

10   plaintiff pleads factual content that allows the court to draw the reasonable inference that

11   the defendant is liable for the misconduct alleged." *Id.*   Detailed factual allegations are

12   not required, but the complaint must contain "more than an unadorned, the-defendant-

13   unlawfully-harmed-me accusation." *Id.*   "Threadbare recitals of the elements of a cause

14   of action, supported by mere conclusory statements, do not suffice." *Id.*   However, when

15   a plaintiff is proceeding pro se, the court must "construe the pleadings liberally" and

16   afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

17   Cir. 2010).

18          Courts may consider documents incorporated by reference in a complaint and

19   matters of judicial notice in determining whether a complaint is subject to dismissal

20   under the standards of Rule 12(b)(6).  *United States v. Ritchie*, 342 F.3d 903, 908 (9th

21   Cir. 2003).  Courts may take judicial notice of administrative proceedings for the truth of

22   the existence of those proceedings, but not for the truth of facts recited in administrative

23   decisions. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

24          **B.  Discussion**

25          Plaintiff timely moved to file his proposed First Amended Complaint prior to

26   expiration of the deadline set forth in Magistrate Judge Bowman's Scheduling Order for

27   moving to amend pleadings.  (*See* Docs. 36, 37.)  Accordingly, the Court does not find

28   undue delay.  *See Eminence Capital, LLC*, 316 F.3d at 1052.  There is also no indication

1    of bad faith or repeated failure to cure deficiencies by amendments previously allowed.

2    *See id.*  Because discovery in this case is ongoing (*see* Doc. 81), the Court does not find

3    that Defendant would be unduly prejudiced by allowing Plaintiff to amend his Complaint

4    at this time.  *See id.*

5            Accordingly, the Court's determination of whether to grant leave to amend hinges

6    on an assessment of whether Plaintiff's proposed amendments would be futile.   In

7    assessing futility, the Court analyzes Plaintiff's proposed new Title VII claims in

8    chronological order based on the date of the challenged employment actions, and then

9    addresses Plaintiff's proposed Fifth Amendment claims.

10           *(1) Department of Homeland Security's decision to place Plaintiff on an*

11           *indefinite suspension effective September 30, 2012*

12           Plaintiff appealed to the MSPB the Department of Homeland Security's placement

13   of him on an indefinite suspension effective September 10, 2012.  (Doc. 53-1 (MSPB No.

14   DE-0752-13-0012-I-1).)    On October 31, 2012, the MSPB accepted Plaintiff's

15   withdrawal of the appeal and dismissed the appeal with prejudice, with the understanding

16   that Plaintiff would have the right to file a new appeal if his indefinite suspension

17   continued beyond the date of resolution of a criminal indictment then-pending against

18   Plaintiff.  (*Id.* at 2-3.)

19           Magistrate Judge Bowman found that it would be futile to add a Title VII claim

20   challenging the 2012 suspension because such a claim would be subject to dismissal as

21   untimely.  (Doc. 54 at 3-4.)   In his Objection to Magistrate Judge Bowman's Order,

22   Plaintiff argues that his claim concerning the 2012 suspension "was resurrected by new

23   information" when Defendant created a hostile work environment by admonishing

24   Plaintiff for losing a PIV card that Plaintiff asserts he did not lose.  (Doc. 55 at 3.)   In

25   response, Defendant argues that Magistrate Judge Bowman correctly determined that

26   Plaintiff's proposed claim is time-barred.  (Doc. 66 at 4-5.)  Defendant further argues that

27   a claim challenging the 2012 suspension cannot be resurrected by Plaintiff's allegation

28   that Defendant created a hostile work environment in 2014.  (*Id.* at 5-6.)

1    A district court has subject matter jurisdiction over a Title VII claim only if the

2    plaintiff has exhausted his or her administrative remedies.  *B.K.B. v. Maui Police Dep't*,

3    276 F.3d 1091, 1099 (9th Cir. 2002).  Typically, a federal employee exhausts a Title VII

4    claim by filing a complaint with the Equal Employment Office ("EEO") of the

5    employee's agency, with the option of appealing to the EEOC.  *Crowe v. Wormuth*, 74

6    F.4th 1011, 1023 (9th Cir. 2023); *see also* 29 C.F.R. §§ 1614.106, 1614.110,

7    1614.401(a), 1614.407.    However, when the employee alleges that discrimination

8    prohibited by Title VII formed the basis of an adverse employment action over which the

9    MSPB has jurisdiction,[4] the employee exhausts administrative remedies for purposes of

10   Title VII by either: (1) filing a complaint with the agency EEO, with an optional appeal

11   to the MSPB, or (2) appealing the employment action directly to the MSPB.  *Crowe*, 74

12   F.4th at 1024; *see also* 5 C.F.R. § 1201.154; 29 C.F.R. § 1614.302(b), (d).   An MSPB

13   appeal raising issues of prohibited discrimination, known as a "mixed case" appeal,

14   "must state that there was discrimination in connection with the matter appealed" and

15   "must state specifically how the agency discriminated against the appellant."  5 C.F.R. §

16   1201.153(a)(1).  An employee who files a mixed case appeal to the MSPB may file a

17   civil action within 30 days of receipt of notice of the MSPB's final decision.  5 U.S.C. §§

18   7702, 7703(a)(1), (b)(2); 5 C.F.R. § 1201.175; 29 C.F.R. § 1614.310(b).

19        There is no indication in the record that Plaintiff alleged in MSPB appeal number

20   DE-0752-13-0012-I-1 that discrimination prohibited by Title VII was a basis for his 2012

21   suspension.  Accordingly, there is no indication that Plaintiff exhausted a Title VII claim

22   arising from the 2012 suspension by filing MSPB appeal number DE-0752-13-0012-I-1.

23   Even if Plaintiff did properly exhaust a Title VII claim arising from the 2012 suspension,

24   the claim is time-barred.  If Plaintiff's MSPB appeal alleged discrimination, then Plaintiff

25   had 30 days from receipt of notice of the MSPB's final decision to file a civil action in an

26   ─────────────────

27   [4] The MSPB is a "quasi-judicial Government agency" that adjudicates federal employee
     appeals of certain categories of adverse employment actions, including removals and
     suspensions of more than 14 days.  *Sloan v. West*, 140 F.3d 1255, 1258-59 (9th Cir.
28   1998), *abrogated on other grounds by Perry v. MSPB*, 582 U.S. 420 (2017); *see also* 5
     U.S.C. §§ 7512, 7701; 5 C.F.R. § 1201.3(a)(1).

1   appropriate district court.  *See* 5 U.S.C. § 7703(b)(2); 5 C.F.R. § 1201.175(b); 29 C.F.R.

2   § 1614.310(b).  He failed to do so.[5]

3          Plaintiff's allegation that he was admonished in 2014 for losing a PIV card does

4   not resurrect a Title VII claim arising from his 2012 suspension.  The 2012 suspension is

5   a discrete act, and "discrete discriminatory acts are not actionable if time barred, even

6   when they are related to acts alleged in timely filed charges."  *Nat'l R.R. Passenger Corp.*

7   *v. Morgan*, 536 U.S. 101, 113 (2002).

8          For the reasons discussed above, allowing Plaintiff to amend his Complaint to add

9   a Title VII claim arising from his 2012 suspension would be futile because it does not

10  appear that Plaintiff exhausted such a claim and, if he did, the claim is time-barred.

11          *(2)  Employment actions taken in 2013*

12         Plaintiff administratively challenged several employment actions taken in 2013:

13  (1) Plaintiff was ordered to return to work in an administrative position and was denied

14  administratively uncontrollable overtime; (2) Plaintiff was denied exercise time, an

15  office, computer access as a supervisor, computer equipment, and a telephone; (3)

16  Plaintiff was charged a health care premium while he was on active duty; (4) Plaintiff

17  was denied administrative time for house hunting; (5) Plaintiff was denied a PIV card;

18  and (6) time that Plaintiff spent traveling for training in November 2013 was changed

19  from overtime to travel compensatory time.  (Doc. 37-1 at 68-69 (EEOC Appeal No.

20  0120180025; Hearing No. 540-2014-00136X; Agency No. HS-CBP-02199-2013).)  On

21  June 7, 2019, the EEOC issued a final decision, finding no discrimination and notifying

22  Plaintiff of his right to file a civil action within 90 days.  (*Id.* at 68-73.)

23         Magistrate Judge Bowman found that it would be futile to allow Plaintiff to add

24

25  [5] Magistrate Judge Bowman's Order finds that Plaintiff had 60 days from the date the
    MSPB's decision became final to file a civil action.  (Doc. 54 at 3-4.)  Civil actions

26  seeking review of a final order or decision of the MSPB that do not challenge the
    MSPB's disposition of allegations of discriminatory personnel practices must be filed

27  within 60 days after the MSPB issues notice of the final order or decision. *See* 5 U.S.C. §
    7703(b)(1).  Accordingly, the 60-day deadline applied if MSPB appeal number DE-0752-

28  13-0012-I-1 was *not* a mixed case appeal alleging discrimination prohibited by Title VII;
    however, in that scenario, Plaintiff did not exhaust a Title VII claim by filing the MSPB
    appeal.

1    Title VII claims challenging the 2013 employment actions because any such claims

2    would be subject to dismissal as time-barred.  (Doc. 54 at 4-5.)   Magistrate Judge

3    Bowman recognized Plaintiff's assertion that he did not receive the EEOC's final

4    decision until 2020 but found that, even if Plaintiff received the decision on the last day

5    of 2020, he filed his Motion to Amend over 90 days later, on August 5, 2021.  (*Id.* at 5.)

6    Finally, Magistrate Judge Bowman found that the proposed claims challenging the 2013

7    employment actions did not relate back to Plaintiff's original Complaint.  (*Id.*)

8         In his Objection, Plaintiff argues that he was denied a meaningful opportunity to

9    appeal the EEOC's decision concerning the 2013 employment actions because the

10   decision was mailed to the wrong address.  (Doc. 55 at 4.)  He avers that he sought to

11   amend his Complaint to challenge the 2013 employment actions on February 28, 2020,

12   shortly after he received the EEOC's final decision.  (*Id.* at 4-5.)  He also argues that his

13   claims challenging the 2013 employment actions relate back to the claim in his original

14   Complaint.  (*Id.* at 5-6.)  In response, Defendant concedes that Plaintiff filed a Motion to

15   Amend in February 2020, but he notes that Magistrate Judge Bowman denied that Motion

16   and that Plaintiff failed to file a second Motion to Amend within 90 days of his return

17   from active duty.  (Doc. 66 at 7.)

18        In relevant part, a federal employee may file a civil action within 90 days of his

19   receipt of notice of final action taken by the EEOC upon an appeal from an agency

20   decision.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c).  This 90-day requirement

21   operates as a statute of limitations, and lawsuits filed outside the 90-day period are

22   barred.  *Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992).  However, the

23   statute of limitations is subject to the doctrine of equitable tolling.  *Id.* at 267-68.  The

24   Supreme Court has "allowed equitable tolling in situations where the claimant has

25   actively pursued his judicial remedies by filing a defective pleading during the statutory

26   period."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

27        Here, Plaintiff alleges that the EEOC's June 7, 2019 final decision was mailed to

28   the wrong address and, as a result, he did not receive it until 2020.  (Doc. 29 at 1; Doc. 49

1    at 6-7; Doc. 55 at 4.)   Plaintiff first moved to amend his Complaint to add claims

2    challenging the 2013 employment actions on February 28, 2020.  (Doc. 29.)  Taking as

3    true Plaintiff's allegation that he received the EEOC's decision in 2020, his first Motion

4    to Amend was filed within the 90-day limitations period.   Magistrate Judge Bowman

5    denied Plaintiff's first Motion to Amend without prejudice due to Plaintiff's failure to

6    comply with LRCiv 15.1(a).  (Doc. 31.)  Plaintiff filed his second Motion to Amend on

7    August 5, 2021 (Doc. 37), within the deadline for moving to amend pleadings set forth in

8    Magistrate Judge Bowman's Scheduling Order (Doc. 36).   Defendants cite no legal

9    authority in support of their assertion that Plaintiff was required to file his second Motion

10   to Amend within 90 days of his return from active military service.   Even assuming

11   Defendants' argument is correct, the Court finds that equitable tolling is appropriate

12   because Plaintiff "actively pursued his judicial remedies by filing a defective pleading

13   during the statutory period." *Irwin*, 498 U.S. at 96.[6]   Accordingly, the Court disagrees

14   with Magistrate Judge Bowman's finding that adding claims challenging the 2013

15   employment actions would be futile on the ground that such claims are time-barred.  The

16   Court will allow Plaintiff to amend his Complaint to add claims challenging the 2013

17   employment actions.

18            *(3)  Employment actions taken in 2014, 2016, and 2017*

19            Plaintiff administratively challenged several employment actions taken in 2014,

20   2016, and 2017: (1) on March 28, 2014, Gilberto Ramirez told Plaintiff he knew about

21   his EEO complaint and verbally admonished Plaintiff for losing his PIV card ("PIV

22   admonishment claim"); (2) on October 20, 2016, Plaintiff received an annual

23   performance appraisal with an overall rating of "achieved expectations"; (3) on March 9,

24   2017, Plaintiff was charged with 8 hours of absence without leave ("AWOL claim"); (4)

25   on October 30, 2017 Plaintiff received an annual performance appraisal with an overall

26   rating of "achieved expectations"; and (5) on October 30, 2017, Plaintiff learned he

27   _____

28   [6] Plaintiff does not specifically argue that he is entitled to equitable tolling, but he
     identifies circumstances that support the application of equitable tolling, and this Court is
     obliged to liberally construe pro se filings.

1   would not receive a fiscal year 2017 annual performance award.  (Doc. 37-1 at 50-51;

2   Doc. 53-4 at 3 (EEOC No. 540-2021-00158X).)[7]   An ALJ dismissed the PIV

3   admonishment claim as untimely and dismissed the AWOL claim based on collateral

4   estoppel.  (Doc. 37-1 at 50-51, 131-132.)  The record before this Court indicates that

5   administrative proceedings in EEOC No. 540-2021-00158X are ongoing.

6         Magistrate Judge Bowman found that it would be futile to add claims challenging

7   the employment actions at issue in EEOC No. 540-2021-00158X because the EEOC has

8   not yet issued a final decision and therefore Plaintiff has not exhausted his claims

9   administratively.  (Doc. 54 at 6.)  Magistrate Judge Bowman recognized that a claim

10  becomes ripe for judicial review 180 days after the filing date of an administrative

11  complaint if final agency action is not taken; however, Plaintiff did not argue his claims

12  were ripe under that rule and did not dispute Defendant's assertion that the claims are

13  unripe.  (*Id.*)

14        In his Objection, Plaintiff concedes that the EEOC has not issued a final decision,

15  but he argues that the EEOC erroneously dismissed his PIV admonishment and AWOL

16  claims and that he has exhausted all administrative remedies with respect to those

17  specific claims.  (Doc. 55 at 5; Doc. 68 at 14.)  Defendant argues that Magistrate Judge

18  Bowman correctly found that Plaintiff has not exhausted his administrative remedies for

19  the claims at issue in EEOC No. 540-2021-00158X because the EEOC has not issued a

20  final decision.  (Doc. 66 at 8.)  Defendant notes that Plaintiff has never argued his claims

21  are ripe under the 180-day provision of 29 C.F.R. § 1614.407(b).  (*Id.* at 8-9 n.6.)

22  Defendant also argues that the delay in the administrative processing of EEOC number

23  540-2021-00158X is due to Plaintiff's active military service and not attributable to the

24  EEOC.  (*Id.*)

25  ────────────────

26  [7] Plaintiff raised the first three claims in EEOC No. 540-2017-00337X, Agency No. HS-CBP-00211-2017.  (*See* Doc. 37-1 at 50-51; Doc. 53-4 at 3.)  It appears he raised the
27  latter two claims in EEOC No. 540-2018-00241X, Agency No. HS-CBP-00634-2018. (*See* Doc. 53-4 at 2-3.)  The cases were joined for processing and assigned a new EEOC
28  case number, 540-2021-00158X.  (*Id.* at 2.)  Due to an apparent typo in an EEOC Order (*id.*), Magistrate Judge Bowman and Defendant refer to this EEOC case number as 540-3032-00158X.  (*See, e.g.*, Doc. 54 at 6; Doc. 66 at 8.)

1    The interim ALJ orders dismissing the PIV admonishment and AWOL claims are

2    not final agency orders.  *See* 29 C.F.R. § 1614.110.  Title VII authorizes an employee to

3    file a civil action in an appropriate district court within 90 days of receipt of agency final

4    action or after 180 days from the date of filing the complaint if agency final action has

5    not been taken.  29 C.F.R. § 1614.407(a)-(b).  Plaintiff does not argue in his Objection

6    (Doc. 55) or Reply (Doc. 68) that he is entitled to file a civil action under the 180-day

7    provision of 29 C.F.R. § 1614.407(b), even though Magistrate Judge Bowman and

8    Defendant have both highlighted that provision.  The Court will not sua sponte rely on 29

9    C.F.R. § 1614.407(b), as it appears Plaintiff does not wish to rely on that provision and

10   instead intends to continue administratively pursuing the remaining claims at issue in

11   EEOC number 540-2021-00158X.  Accordingly, the Court will affirm Magistrate Judge

12   Bowman's finding that allowing Plaintiff to amend his Complaint to assert claims arising

13   from the employment actions taken in 2014, 2016, and 2017 would be futile because such

14   claims are not yet exhausted.

15   ### (4)  *May 30, 2018 termination of Plaintiff's employment*

16   Plaintiff filed an EEO complaint alleging that the Department of Homeland

17   Security discriminated against him when his employment was terminated on May 30,

18   2018.  (*See* Doc. 37-1 at 75 (Agency No. HS-CBP-02141-2018).)  The agency issued a

19   final decision finding no discrimination, and Plaintiff appealed to the EEOC.  (*Id.* at 76.)

20   On February 12, 2020, the EEOC vacated the agency's decision and remanded for

21   issuance of a new final agency decision that provided information concerning the

22   appropriate appeal rights for a mixed case complaint appealable to the MSPB.  (*Id.* at 75-

23   79 (EEOC appeal number 2019004938).)

24   Plaintiff then filed a mixed case appeal challenging his 2018 termination to the

25   MSPB.  (*See* Doc. 53 (MSPB number DE-0752-19-0419-I-1).)  On March 5, 2020, the

26   MSPB affirmed the agency's action, finding that Plaintiff failed to prove discrimination

27   or retaliation.  (*Id.*)  Plaintiff filed a Petition for Review on April 4, 2020.  (Doc. 37-1 at

28   121-122; Doc. 46-2; Doc. 53-5.)  It appears that no decision has been reached on the

1    Petition for Review due to the MSPB's lack of quorum.

2         In addition to filing a mixed case appeal with the MSPB, Plaintiff also filed a

3    Petition for Enforcement with the EEOC, seeking to enforce the February 12, 2020

4    EEOC decision.  (*See* Doc. 37-1 at 134.)  The EEOC issued a letter to Plaintiff dated

5    April 20, 2020, that found: (1) the agency did not timely issue another final agency

6    decision, but the agency's initial decision addressed the merits of Plaintiff's claims

7    concerning his termination and merely incorrectly recorded Plaintiff's appeal rights; (2)

8    the agency corrected the erroneous recording of appeal rights with a July 12, 2019 errata;

9    and (3) the errata was sufficient to satisfy the reissuance-of-final-agency-decision

10   requirement.  (*Id.*)  The EEOC also noted that Plaintiff had unsuccessfully appealed his

11   2018 termination to the MSPB.  (*Id.*)

12        Magistrate Judge Bowman found that it would be futile to allow Plaintiff to add

13   claims challenging his 2018 termination because his Petition for Review is pending with

14   the MSPB and he therefore has not yet exhausted administrative remedies.  (Doc. 54 at 6-

15   7.)  Magistrate Judge Bowman also recognized Plaintiff's assertion that he is actually

16   seeking judicial review of the EEOC's February 12, 2020 decision and found that a claim

17   challenging that decision would be untimely because Plaintiff's Motion to Amend was

18   filed on August 5, 2021, more than 90 days after Plaintiff received the EEOC's decision.

19   (*Id.* at 7-8.)

20        Plaintiff does not assert that a claim related to his 2018 termination is

21   administratively exhausted; to the contrary, he contends that the MSPB has not issued a

22   final decision concerning his appeal of the 2018 termination.  (*See* Doc. 37 at 6; Doc. 49

23   at 4-5.)  In his Objection, Plaintiff complains that he prevailed in his EEOC appeal

24   concerning his 2018 termination and that Defendant "continues to defy this EEOC

25   Order."  (Doc. 55 at 1-2, 6-7.)  Defendant argues in response that the EEOC did not have

26   jurisdiction over Plaintiff's mixed case appeal and that Plaintiff's claims related to his

27   2018 termination are premature because the MSPB has not issued a final decision.  (Doc.

28   66 at 9-10.)

1    The Court agrees with Magistrate Judge Bowman that Plaintiff has not exhausted

2    his administrative remedies with respect to Title VII claims arising from his 2018

3    termination because the MSPB has not issued a final decision. *See* 5 C.F.R. § 1201.113;

4    *see also* 5 U.S.C. § 7701(e)(1). To the extent Plaintiff seeks to challenge the EEOC's

5    interim decision or its resolution of the Petition for Enforcement, Plaintiff has not shown

6    that this Court has jurisdiction over that claim, nor has he shown that his judicial

7    challenge to the EEOC's February 12, 2020 decision was timely filed.

8        *(5)  Fifth Amendment Claims*

9        The Court agrees with Magistrate Judge Bowman that, to the extent Plaintiff is

10   seeking to assert Fifth Amendment claims against Defendant Mayorkas in his individual

11   capacity, he has failed to allege any specific actions by Mayorkas that violated Plaintiff's

12   Fifth Amendment rights.[8] (*See* Doc. 54 at 8-9.) To the extent Plaintiff is seeking to

13   assert Fifth Amendment claims for damages against Defendant Mayorkas in his official

14   capacity, the Court agrees with Magistrate Judge Bowman that sovereign immunity bars

15   such claims because Plaintiff has not satisfied his burden of establishing that the action

16   falls within an express waiver of sovereign immunity. *See Dunn & Black, P.S. v. United*

17   *States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). Nothing in Plaintiff's Objection

18   undermines Magistrate Judge Bowman's conclusion that granting Plaintiff leave to

19   amend his Complaint to assert Fifth Amendment claims would be futile.

20       **(6)  Declaratory Judgment Claim**

21       Plaintiff's proposed First Amended Complaint adds a claim for declaratory relief

22   to "end the conflict" between the EEOC's favorable decision and the MSPB's non-final

23   decision. (Doc. 37 at 6.) Plaintiff appears to be referencing the administrative decisions

24   concerning his 2018 termination. As discussed above, the Court finds that adding a claim

25   challenging the 2018 termination would be futile.[9] Accordingly, the Court also finds that

26   ───────────────

27   [8] Furthermore, to the extent Plaintiff is seeking to assert a cause of action for damages
     directly under the Fifth Amendment pursuant to *Bivens v. Six Unknown Named Agents of*
     *the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), it appears such claims would extend

28   *Bivens* to a new context and special factors counsel against recognizing a *Bivens* remedy.
     *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022).
     [9] In addition, there is no conflict between the EEOC's decision in EEOC appeal number

1   allowing Plaintiff to add his proposed claim for declaratory relief would be futile.

2       **(7) Damages**

3       Plaintiff's proposed First Amended Complaint sought to increase Plaintiff's

4   requested compensatory damages to $7,000,000 and to add a claim for $3,000,000 in

5   punitive damages.  (Doc. 37 at 6.)  Defendant has identified no reason why Plaintiff

6   should not be allowed to amend his requested damages.  Accordingly, the Court will

7   allow Plaintiff to amend his Complaint to adjust his requested damages.

8       **IT IS ORDERED** that Plaintiff's Objection to Magistrate Judge Bowman's

9   October 27, 2021 Order (Doc. 56) is **overruled**.  Magistrate Judge Bowman's October

10  27, 2021 Order (Doc. 52) is **affirmed**.

11      **IT IS FURTHER ORDERED** that Plaintiff's Objection to Magistrate Judge

12  Bowman's October 28, 2021 Order (Doc. 55) is **partially granted and partially**

13  **overruled**.  Magistrate Judge Bowman's October 28, 2021 Order (Doc. 54) is **partially**

14  **affirmed and partially modified as follows**:

15      1. Plaintiff is granted leave to amend his Complaint to: (1) raise Title VII claims

16         challenging the 2013 employment actions at issue in EEOC Appeal No.

17         0120180025; Hearing No. 540-2014-00136X; Agency No. HS-CBP-02199-2013;

18         and (2) adjust Plaintiff's requested damages.  Leave to amend is denied in all other

19         respects.

20      2. The Clerk of Court is directed to re-file Doc. 37 and label the filing as Plaintiff's

21         First Amended Complaint.  In accordance with this Order, the First Amended

22         Complaint is construed to allege that Defendant discriminated against Plaintiff

23         based on race, color, and national origin, in violation of Title VII: (1) by failing to

24

25  2019004938 and the MSPB's decision in MSPB number DE-0752-19-0419-I-1.  The
    agency found no discrimination in Agency No. HS-CBP-02141-2018, and Plaintiff

26  appealed to the EEOC.  (Doc. 37-1 at 75-76.)  The EEOC found that the appeal should
    have been filed with the MSPB rather than the EEOC.  (*Id.*)  Because Plaintiff had not

27  been properly informed of his right to appeal to the MSPB, the EEOC directed the agency
    to issue a new final decision that accurately notified Plaintiff of his appellate rights.  (*Id.*)

28  The EEOC did not address the substance of the agency's finding of no discrimination.
    (*See id.*)  Plaintiff then appealed to the MSPB, and the MSPB agreed with the agency that
    Plaintiff's 2018 termination was not discriminatory.  (Doc. 53.)

give him a performance award in 2014; and (2) by taking the 2013 employment actions at issue in EEOC Appeal No. 0120180025; Hearing No. 540-2014-00136X; Agency No. HS-CBP-02199-2013.   The First Amended Complaint is dismissed to the extent it asserts any other claims under Title VII or the Fifth Amendment.

3. Defendant shall answer or otherwise respond to Plaintiff's First Amended Complaint within 21 days of the date this Order is filed.

Dated this 19th day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge